UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   DONG HUN KWAG,                                    Case No. 06-32191-dof
                                                          Chapter 7
            Debtor.                                   Hon. Daniel S. Opperman
_____/

COVENTRY COMMONS, LLC,

   Plaintiff,

v.                                                                  Adv. Pro. No. 07-3002

DONG HUN KWAG,

   Defendant.
_____/

## OPINION REGARDING REQUEST FOR FEES AND EXPENSES
## OF PLAINTIFF, COVENTRY COMMONS, LLC

     Plaintiff, Coventry Commons, LLC, has applied for the recovery of fees and expenses incurred by Plaintiff as a result of the failure of Defendant to have an interpreter available for the scheduled December 18, 2007, trial in this matter. Defendant, Dong Hun Kwag, is fluent in Korean but required the assistance of an interpreter in order to understand the questions asked of him at trial. The issue of an interpreter was raised at the final pre-trial conference in this matter and Defendant apparently believed that a relative of the Defendant could act as an interpreter. This course of action was not disclosed to Plaintiff until the eve of trial. On December 18, 2007, this Court determined that it would be inappropriate to have a relative of the Defendant act as an interpreter. Accordingly, the Court was compelled to adjourn the trial until January, 2008, to allow Defendant to obtain an appropriate interpreter.

-1-

Plaintiff, at the request of the Court, has filed an Application for Fees and Expenses ("Application") as a result of Defendant's failure to have an appropriate interpreter. Plaintiff's fees and expenses fall into three categories: (1) the actual expenses incurred by Plaintiff to employ counsel, Mr. Siegal, and Ms. Barr, for the trial; (2) the out-of-pocket expenses incurred by Mr. Siegal and Ms. Barr to attend the scheduled trial; and (3) the fee incurred by Plaintiff to have Mr. Kraus, its expert witness, attend the trial.

As detailed in Plaintiff's Application, counsel for Plaintiff had to prepare for trial because Plaintiff's counsel could not be assured that this Court would proceed with the trial until the actual day of the trial. While some of counsel for Plaintiff's efforts were undoubtedly useful at the later trial, much of their efforts were wasted. Accordingly, the Court holds that the fees of $1,750.00 for Mr. Siegal and $1,025.00 for Ms. Barr are appropriate.

The Court notes that both Mr. Siegal and Ms. Barr drove separately to Flint and incurred parking charges for their vehicles. The Court does not see why Mr. Siegal and Ms. Barr could not have ridden together, and therefore will only allow mileage and parking of $54.32 and $3.50.

Finally, the $1,000.00 fee paid to Mr. Kraus to attend the scheduled trial is appropriate under the circumstances and should be reimbursed by the Defendant.

Accordingly, the Court concludes that Plaintiff is entitled to an award of fees and expenses of $3,832.82 to be paid by the Defendant. The Court will enter an Order consistent with this Opinion.

**Signed on September 17, 2008**

            **/s/ Daniel S. Opperman**
            **Daniel S. Opperman**
            **United States Bankruptcy Judge**